**UNITED STATES of America,**
**Plaintiffs–Appellee,**

v.

**Irvin Floyd McCONAGHY,**
**Defendant–Appellant.**

No. 93–8285.

United States Court of Appeals,
Eleventh Circuit.

June 20, 1994.

---

Paul S. Kish, Federal Defender Program, Inc., Atlanta, GA, for appellant.

Joe D. Whitley, U.S. Atty., Robert Frances Schroeder, Atlanta, GA, for appellee.

Before EDMONDSON, Circuit Judge, GODBOLD and JOHNSON, Senior Circuit Judges.

PER CURIAM:

### Facts

On October 6, 1992, Irvin Floyd McConaghy was indicted for one count of bank robbery in violation of 18 U.S.C. § 2113(a). Trial was set for Monday, December 14, 1992. On Monday, December 7, McConaghy's counsel informed government counsel that McConaghy was considering pleading guilty. He also stated that he was investigating avenues related to McConaghy's case but did not say exactly what he was doing. On approximately December 9 or 10 McConaghy's counsel left a message at government counsel's office, retrieved the next day, informing that McConaghy was in fact pleading guilty. Prior to this time the government had issued subpoenas to witnesses, interviewed them, and made travel arrangements for them, some from out of state.

McConaghy's sentencing range was calculated as between 63 and 78 months. The district court imposed a 78 month sentence, of which only 18 months was to run consecutively to the 60 month sentence McConaghy was already serving for unrelated robberies he committed in Florida.

In the pre-sentence report, in computing the total offense level, the probation officer awarded McConaghy a two level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 (1992)[1]. Under this section a two level reduction is awarded if the defendant accepts responsibility for his offense. If he also notifies authorities of his intention to enter a guilty plea so as to permit the government to avoid preparing for trial and the court to allocate its resources efficiently, then the offense level is decreased by one additional level. At the sentencing hearing McConaghy objected to the determination that he was entitled to a two level rather than a three level reduction. The district court ruled that he was entitled only to a two level reduction. "The district court's determination of whether a defendant is entitled to a reduction for acceptance of responsibility is a finding of fact which is entitled to great deference on appeal and will be affirmed unless clearly erroneous. However, we review the district court's application of the sentencing guidelines *de novo.*" *U.S. v. Rodriguez,* 959 F.2d 193 (11th Cir. 1992) (citations omitted).

### Discussion

■ McConaghy maintains that § 3E1.1(b)(2) is facially unconstitutional because, in violation of the Sixth Amendment right to effective counsel, it requires a defendant to tell the government and the court that he intends to plead guilty early enough to prevent trial preparation by the government. This, he says, impinges on the defense attorney's ability to perform his job because at the time the guilty plea is required defense counsel may think there are

---

1. U.S.S.G. § 3E1.1 (1992) provides in relevant part:

*Acceptance of Responsibility*

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:

. . . . .

(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,

decrease the offense level by 1 additional level.

possible defenses and other issues that he has an ethical obligation to investigate, which obligation he must forego.

Section 3E1.1(b)(2) is not facially unconstitutional. In *U.S. v. Henry*, 883 F.2d 1010 (11th Cir.1989) we upheld U.S.S.G. § 3E1.1 (1988)[2], in face of defendant's assertions that it violated the Fifth Amendment because it punished the defendant for failing to incriminate himself, and in violation of the Sixth Amendment it chilled the defendant's right to defend himself because a defendant might forego taking the stand in order to take advantage of the credit. We stated there,

> [s]ection 3E1.1 may well affect how criminal defendants choose to exercise their constitutional rights. But "not every burden on the exercise of a constitutional right and not every encouragement to waive such a right is invalid." *Corbitt v. New Jersey*, 439 U.S. 212, 219, 99 S.Ct. 492, 493–97, 58 L.Ed.2d 466 (1978). Persons involved in the criminal law process are faced with a variety of choices. Some of the alternatives may lead to unpleasant consequences. For example, to choose to go to trial may result in greater punishment. To take the stand as a witness in one's case opens the door to possible perjury charges as well as possibly strengthening the prosecution's case. Section 3E1.1 may add to the dilemmas facing criminal defendants, but no good reason exists to believe that 3E1.1 was intended to punish anyone for exercising rights. We are unprepared to equate the possibility of leniency with impermissible punishment. *See Corbitt*, 439 U.S. at 223–24, 99 S.Ct. at 499–500.

*Id.* at 1011 (footnotes omitted). The burden imposed by subsection (b)(2) upon the defendant's right to effective counsel is not unconstitutional on its face. *See also U.S. v. Crawford*, 906 F.2d 1531 (11th Cir.1990) (footnotes omitted).

McConaghy next asserts that, even though § 3E1.1(b)(2) may be facially constitutional, it is unconstitutional as applied to him. This requires us to examine the application to McConaghy of the requirement that he "timely notify" the government of his intent to plead guilty.

Timeliness under the guideline is a factual determination to be made on a case by case basis. The government urges that timely notice is notice given before the government has engaged in any trial preparation. We disagree. The guideline requires that in order to receive the additional credit, the defendant "timely notify[ ] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently...." Avoiding trial preparation and the efficient allocation of the court's resources are descriptions of the desirable consequences and objectives of the guideline. They are not of themselves precise lines in the sand that solely determine whether notification was timely.

To interpret and apply the guideline as the government suggests, i.e., awarding a decrease only on the condition that notice of intent to plea guilty be given before the government engaged in any trial preparation, and without any regard to the attorney's opportunity to investigate the case, would raise serious questions regarding the constitutionality of the guideline as applied. For example, arguably, the government will have begun trial preparation where weeks before trial it has interviewed a single witness and, arguably, defendant would be untimely if his counsel has been in the hospital since appointed and unable to investigate. The government responds by saying that when the Sentencing Commission enacted § 3E1.1(b)(2) it must have been aware of the possibility that an attorney would not have had an opportunity to fully investigate the case at the time notice of the guilty plea is required. But the Sentencing Commission does not have the power to authorize unconstitutional application. Application must bear in mind the extent of trial preparation, the burden on the court's ability to allocate

**2.** Subsection (b)(2), the provision at issue, has been in effect only since November 1, 1992. The previous version of § 3E1.1 gave a two level reduction for acceptance of responsibility but was silent as to whether additional credit should be given if the defendant revealed his intent to enter a guilty plea before the government had engaged in trial preparation.

its resources efficiently, and reasonable opportunity to defense counsel to properly investigate.

The language in § 3E1.1(b)(2) concerning avoiding trial preparation does not subsume the issue of timeliness. McConaghy asserts he made known his intention to plead guilty as early as circumstances permitted. He claims the six week delay between the time he first met with his attorney and his notification was attributable solely to his attorney's need to investigate certain areas. Further, he notes that he offered to make an in-camera showing of exactly why his attorney waited to perform certain investigatory functions before notifying the government of his intention to plead guilty. The district court made no specific findings as to whether McConaghy's notification was timely. Thus, the court must revisit this issue and make appropriate findings.

The sentence imposed on McConaghy is VACATED and the case REMANDED for proceedings consistent with this opinion.