67 F.3d 298
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith Leigh SHANNON, Defendant-Appellant.
 No. 95-5027.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 19, 1995.
Decided Sept. 29, 1995.
 
 Claude D. Convisser, Alexandria, Virginia, for Appellant. Helen F. Fahey, United States Attorney, John Nassikas, Assistant United States Attorney, Julie Shemitz, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 Before MURNAGHAN, HAMILTON, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Keith Leigh Shannon entered a guilty plea to four counts of conspiracy to manufacture Phencyclidine (PCP), 21 U.S.C.A. Sec. 846 (West Supp.1995), distribution of PCP, manufacture of PCP, and possession of PCP with intent to distribute. 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1995). He appeals his 324-month sentence on the ground that the district court misapplied guideline section 3E1.1(b)* in sentencing him. For the reasons explained below, we vacate the sentence and remand for resentencing.
 
 
 2
 In March and April of 1994, Keith Shannon conspired with Carleton "Buddy" Dodson and others to manufacture and sell PCP. Shannon was arrested in early April 1994 after he had a car accident while he was transporting PCC, a precursor chemical used in the manufacture of PCP. While Shannon was in jail, he communicated with his girlfriend, Tina Tawney, and with Dodson by telephone and by letter. They agreed that Dodson would manufacture more PCP with chemicals Shannon had hidden in a footlocker. The proceeds from sale of the PCP would be divided among them. Shannon wrote to Dodson from jail several times, giving directions about how to make PCP and urging Dodson to hurry because he needed money. Dodson was arrested in June 1994 while manufacturing PCP.
 
 
 3
 In August 1994, Shannon, Dodson, Tawney, and the others involved were indicted on federal drug charges. Shannon's trial was scheduled for October 26, 1994. However, he pled guilty to all four counts in which he was named, without a plea agreement and without prior notice to the government, on October 7, 1994, at a motions hearing. Shannon's attorney explained that he purposely did not advise the government in advance so as to avoid the filing of an information for sentence enhancement under 18 U.S.C. Sec. 851 (1988).
 
 
 4
 The probation officer recommended a 2-level adjustment for acceptance of responsibility. Shannon objected, arguing that his early guilty plea and willingness to cooperate made him eligible for a 3-level adjustment under guideline section 3E1.1(b). The government did not oppose the 2-level adjustment for acceptance of responsibility. However, the government advised the probation officer that Shannon had not cooperated and that it had prepared for trial of Shannon's and his co-defendant's cases before his plea. Consequently, the probation officer continued to recommend only a 2-level adjustment.
 
 
 5
 At sentencing, the government agreed that Shannon should receive the 2-level adjustment. The government opposed a 3-level adjustment because of Shannon's continued criminal activity while in jail and because he refused to testify against Tina Tawney. The district court decided that a 3-level reduction was not appropriate because of Shannon's continued illegal activity after his arrest. In so finding, the court misapplied the guideline.
 
 
 6
 Once the district court granted him a 2-level reduction under section 3E1.1(a), Shannon was entitled to the third level if he had either cooperated in a timely and complete manner or entered a timely guilty plea. No other factors were relevant. See United States v. Tello, 9 F.3d 1119, 1123-39 (5th Cir.1993).
 
 
 7
 Shannon does not contend that he gave timely and complete cooperation. Shannon and the government differ over whether Shannon's guilty plea was timely. Application Note 6 to section 3E1.1 provides that, to qualify for the reduction under subsection (b), "the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently." Shannon's plea was entered two months after the indictment and 19 days before trial was scheduled.
 
 
 8
 The government contends that the plea was not timely because Shannon gave no advance notice and was motivated by his desire to avoid a sentence enhancement for his prior convictions rather than a desire to help the government avoid preparation for trial. The Eleventh Circuit has held that a determination of timeliness under section 3E1.1(b) is a factual determination to be made on a case-by-case basis. United States v. McConaghy, 23 F.3d 351, 353 (11th Cir.1994). If the government has made some preparation for trial, the trial court must bear in mind the extent of its preparation. Id.
 
 
 9
 The district court did not make a finding on the timeliness of Shannon's guilty plea, and it is not clear from the record to what extent the government had made trial preparations. Plea negotiations were ongoing up to the time of Shannon's surprise decision to plead guilty without an agreement. Although the government informed the probation officer that it had prepared for trial "in the defendant's and codefendant's cases," the government did not allude to its trial preparation in its memorandum opposing the 3-level reduction or at the sentencing hearing. In its appeal brief, the government states that it "continued its trial preparations" until the date of Shannon's plea; however, the nature of those preparations is not described.
 
 
 10
 Consequently, we are constrained to vacate the sentence and remand the case for a factual finding on the timeliness of Shannon's guilty plea. Should the district court find that the plea was timely, Shannon would be entitled to the extra level of reduction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 11
 VACATED AND REMANDED.
 
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1994)