

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-25-2003

# USA v. Rodriguez

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1139

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Rodriguez" (2003). *2003 Decisions*. Paper 435.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/435

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 02-1139
_____

UNITED STATES OF AMERICA

v.

CARLOS RODRIGUEZ,

Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 99-cr-00457-1)
District Judge: Honorable Alfred M. Wolin

_____

Submitted Under Third Circuit LAR 34.1(a)
on January 17, 2003

Before: ROTH, FUENTES and ALDISERT, <u>Circuit Judges</u>

(Filed June 25, 2003)

_____

ROTH, <u>Circuit Judge</u>.

Defendant Carlos Rodriguez pled guilty to a one count indictment for conspiracy to distribute and possess, with intent to distribute, more than 500 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. He appeals his sentence of 188 months. Rodriguez argues that the District Court improperly refused to grant downward adjustments of one-level and two-levels under §§ 3E1.1(b)(2) and 3B1.2(b) of the Sentencing Guidelines.[1] Rodriguez claims that the District Court committed clear error in denying each of these downward adjustments because he timely notified the authorities of his intention to enter a guilty plea and because his culpability in the conspiracy was less than that of an average participant. U.S.S.G. §§ 3E1.1(b)(2); 3B1.2(b).

Rodriguez has the right to appellate review of his sentence pursuant to 18 U.S.C. § 3742(a)(2). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 to review the final judgment of the District Court. This case involves two issues. The first issue, whether Rodriguez made a timely notification to the authorities of his intent to enter a guilty plea, is a determination of fact. *United States v. McConaghy*, 23 F.3d 351, 353 (11th Cir. 1994). The second issue, whether Rodriguez played a minor role in the

---

[1]The District Court followed the Presentence Investigation Report, which applied the 1998 edition of the Sentencing Guidelines Manual.

conspiracy, is also a determination of fact. *United States v. Haut*, 107 F.3d 213, 218 (3d Cir. 1997). On both issues, we review the District Court's findings of fact for clear error and give due deference to its application of the Sentencing Guidelines to the facts. 18 U.S.C. § 3742(e); *United States v. Zwick*, 199 F.3d 672, 691 (3d Cir. 1999) (reviewing District Court's finding of fact with regard to U.S.S.G. § 3E1.1(b)(2) for clear error); *United States v. Perez*, 280 F.3d 318, 351 (3d Cir. 2002) (citing *Haut*, 107 F.3d at 216 & 218) (sustaining factual findings of District Court concerning U.S.S.G. § 3B1.2 unless clearly erroneous). Because we find no such error here, we will affirm the denial of a both downward adjustments.

### A. Timely Notification

Under § 3E1.1(b)(2), a defendant will not receive an additional one-level decrease in offense level, unless the defendant assisted authorities "in the investigation or prosecution of his own misconduct by . . . *timely* notifying authorities of his intention to enter a plea of guilty." U.S.S.G. § 3E1.1(b)(2) (emphasis added). Timeliness requires that the notice provides the government and the court an opportunity to conserve resources. *See Zwick*, 199 F.3d at 691 (citing U.S.S.G. § 3E.1.1, App. Note 6; *United States v. Narramore*, 36 F.3d 845, 847 (9th Cir. 1994)). The notification should be made "at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently." U.S.S.G. § 3E1.1, App. Note 6.

Rodriguez had the opportunity to notify the authorities of his intent to make a guilty plea prior to the time he made it. Almost eight months passed between the time of Rodriguez's arrest and the time he notified authorities of his intent to plead guilty. During this time, four trial dates were set and continued. The government and the court were prepared on these dates to go forward. The necessity to make these preparations for trial is contrary to the criteria of § 3E1.1(b)(2). Moreover, in at least four proffer sessions with the United States Attorney's Office, Rodriguez adamantly denied involvement in the conspiracy. Rodriguez's claim that the cause of the delay was due to the fact that his initial attorney became ill and had to be replaced with a public defender does not convince us that delay on his part was justified.

The burden of proving entitlement to a sentence reduction under § 3E1.1(b) falls on the defendant. *See United States v. Cunningham*, 201 F.3d 20 (1st Cir. 2000); *United States v. Kubick*, 205 F.3d 1117 (9th Cir. 1999); *United States v. Underwood*, 122 F.3d 389 (7th Cir. 1997), *overruled by United States v. Patterson*, 215 F.3d 776 (7th Cir. 2000) (overruling *Underwood* on other grounds); *United States v. Tello*, 9 F.3d 1119 (5th Cir. 1993); *United States v. Morillo*, 8 F.3d 864 (1st Cir. 1993); *but see United States v. Ruelas-Arreguin*, 219 F.3d 1056 (9th Cir. 2000) (showing inconsistency in Ninth Circuit on issue by holding that burden of proof was on government to show downward departure under § 3E1.1(b) was not appropriate). Rodriguez has not met this burden. The District Court's determination of the untimeliness of Rodriguez's notice of his intent to plead

guilty was not clearly in error.

### B.  *Minor Participant*

Under § 3B1.2(b), a defendant must receive a two-level decrease in offense level "[i]f the defendant was a minor participant in any criminal activity."  U.S.S.G. § 3B1.2(b).  Rodriguez claims that he was a minor participant because no member of the conspiracy was ranked lower than him and because he received *only* $150,000 for shipments of cocaine worth $24,000,000.[2]  We disagree.  The fact that an individual was less culpable than an average member of a conspiracy is not determinative.  *See United States v. Brown*, 250 F.3d 811, 819 (3d Cir. 2001) .  Minor participant status is determined by  "(1) the defendant's awareness of the nature and scope of the criminal enterprise; (2) the nature of the defendant's relationship to the other participants; and (3) the importance of the defendant's actions to the success of the venture."  *Brown*, 250 F.3d at 819 (citing *United States v. Headley*, 923 F.2d 1079, 1084 (3d Cir. 1991)).

Rodriguez possessed a thorough knowledge of the nature and scope of the conspiracy and its operations, including its capabilities, dates and amounts of shipments, names of high-ranking co-conspirators, and decisions regarding strategies to avoid detection by authorities.  Rodriquez's relationship with Jose Luis Diaz, a high-level

---

[2]Rodriguez received $150,000 for each 1200 kilogram shipment.  The $24,000,000 figure was derived by multiplying 1200 by $20,000.  According to the defendant's brief, $20,000 is reasonable price for a kilogram of cocaine.  Petitioner's Brief at 12.

member of the conspiracy, with whom Rodriguez coordinated "to off-load, account for, and deliver" cocaine shipments, suggests that his role was not that of a minor participant. Moreover, Rodriguez's role in the conspiracy was an important one. He was responsible for providing counter-surveillance and for off-loading and protecting at least 9000 kilograms of cocaine, for which he was paid $150,000 per load.

We reject Rodriguez's arguments based on *Headley* and *United States v. Salmon*, 944 F.2d 1106 (3d Cir. 1991).[3] In *Headley*, we did not make a determination on the minor participation issue but remanded the case to the District Court to make that determination. In *Salmon*, defendant John Surratt's involvement in that conspiracy does not compare to Rodriguez's involvement in this conspiracy because the *Salmon* conspiracy easily could have been accomplished without Surratt. We find that the District Court's determination that Rodriguez was not a minor participant under § 3B1.2(b) was not clearly in error.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[3]Both the defendant and the prosecution cite the case as *United States v. Surratt*, but the proper citation for the case is *United States v. Salmon*. John Surratt was one of four defendants.

6

_____

TO THE CLERK:

      Please file the foregoing Opinion.

                        By the Court,

                        /s/ Jane R. Roth
                        Circuit Judge

7