[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11835
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20597-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TORREY AMICA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 23, 2017)

Before MARCUS, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Torrey Amica appeals his 135-month sentence after pleading guilty to one count of carjacking and one count of brandishing a firearm in furtherance of a crime of violence.  We affirm.

## I. BACKGROUND

On December 8, 2014, Amica and his brother, Lee Howard, approached the victim, H.M.K., from behind as she was opening the front door to her home.  As the victim began to scream for help, Amica placed his hand over her mouth and pointed a gun to her head.  Amica and Howard then forced the victim inside her home and instructed her to get on her knees and put her hands on her head.  Amica made the victim face the wall; he asked for her money, her credit cards, and the personal identification number to her debit cards; and he removed her car keys from a lanyard around her neck.  Amica then switched places with Howard, who held the victim at gunpoint while Amica drove away in the victim's vehicle.[1] Amica and Howard stole a television, computer, cell phone, debit card, and other items from the victim's home.  The next day, law-enforcement officers found Amica in possession of the victim's cell phone and vehicle.  Amica's fingerprints were found on the victim's vehicle and television.

Amica and Howard were charged with conspiracy to carjack, in violation of 18 U.S.C. § 371 (Count 1); carjacking, in violation of 18 U.S.C. § 2119(1) (Count

---

[1] Howard got away on the victim's bicycle.

2

2); and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 3).  Amica entered into a plea agreement, wherein the government agreed to dismiss Count 1.  The government also agreed to recommend that the district court reduce his Sentencing Guidelines offense level by three for acceptance of responsibility[2] and sentence Amica at the low end of the applicable Guidelines range.

At his change-of-plea hearing, Amica initially disputed that he intended to cause death or serious bodily harm to the victim, but he ultimately signed a factual proffer asserting he had.  Also during the hearing, Amica's codefendant, Howard, told the court he suffered from schizophrenia and experienced hallucinations.  Amica and Howard entered guilty pleas, which were accepted by the court.

On the day of his scheduled sentencing hearing, Amica filed a motion to withdraw his guilty plea, appoint new counsel, cancel the sentencing hearing, and set the case for trial.  Amica asserted that he felt pressured to plead guilty, was under the misimpression that his counsel would file a motion to suppress the victim's identification of him, and sought to challenge the evidence against him.  The district court agreed to appoint a new attorney but denied the motion to withdraw the guilty plea.  The district court then referred Amica to a magistrate judge, who appointed a new attorney.

---

[2] U.S.S.G. § 3E1.1(a).

Before sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSI") calculating Amica's Sentencing Guidelines range. The PSI calculated a base offense level of 20 for Count 2, under U.S.S.G. § 2B3.1(a).[3] Because the offense involved carjacking, Amica received a two-level enhancement.[4] He also received an additional two-level enhancement because the victim was physically restrained during the home invasion.[5] The maximum statutory penalty for Count 2 was 15 years. For Count 3, the mandatory minimum sentence was seven years, consecutive to any other term of imprisonment, and the maximum sentence was life. Based on a total offense level of 24 and a criminal history category of I, Amica's Guidelines range was 51 to 63 months for Count 2 and seven years for Count 3, to run consecutively to any other term of imprisonment. The PSI did not apply a reduction for acceptance of responsibility. Amica objected to the PSI and asserted that his signed factual proffer sufficiently demonstrated his acceptance of responsibility.

At the sentencing hearing, the district court first addressed the acceptance-of-responsibility issue. Amica's attorney noted that, between Amica's attempt to withdraw his plea and sentencing, Amica had filed a statement of acceptance in

---

[3] Count 3 was excluded from the grouping rule because it required a term of incarceration to run consecutively to any other term of imprisonment.

[4] U.S.S.G. § 2B3.1(b)(5).

[5] U.S.S.G. § 2B3.1(b)(4)(B).

which he adopted the factual proffer that he gave the court at the time of the change of plea. Amica argued that he had expressed remorse and had accepted responsibility for his criminal activity; he therefore contended that he qualified for an acceptance-of-responsibility reduction and that the only issue was whether it would be a two-point or a three-point reduction. The government stated Amica had not clearly reneged on his acceptance of responsibility, despite his motion to withdraw his plea, and that so long as Amica did not argue at sentencing that he did not do anything wrong, it was prepared to move for the three-point reduction.

When the district court stated that a two-point reduction was "as much as [it was] willing to do," Amica asked the court to reconsider. R. at 270. The court denied Amica's request and noted that it had the discretion to deny any credit for acceptance of responsibility "in light of the way he [had] conducted himself." R. at 271. The court also noted its discretion to treat the issue as a variance issue, rather than as a Guidelines issue. The court ultimately granted Amica a two-point reduction for acceptance of responsibility.

The district court calculated the Guidelines range at 41 to 51 months based on Amica's total offense level of 22. The court then heard arguments about the proper sentence to impose. The court stated it was inclined to go to the high end, noting the way Amica had "conducted himself through the case," the circumstances of the offense, and the involvement of Amica's codefendant,

Howard, whom the court viewed as being "something of a victim." R. at 274. The government stated that it was bound by the plea agreement to recommend a sentence at the low end of the guidelines.

The district court stated that it had sentenced Howard, that it was familiar with his psychiatric condition and limitations, and that it believed that Amica involved him in the crime and was a significant influence when it came to his participation. The court further stated that Amica's conduct reflected a "level of callousness that deserves to be punished harshly." R. at 277. After considering "the statements of the parties, the [PSI] containing the advisory guidelines[,] and the statutory factors," the court found that a high-end sentence was "sufficient but not greater than necessary to deter future criminal conduct . . . and to achieve substantial justice." R. at 277. The court imposed a sentence of 135 months, consisting of 51 months as to Count 2 and a consecutive term of 84 months as to Count 3. Amica objected and argued the sentence was procedurally and substantively unfair. After hearing the objections, the court notified Amica of his right to appeal and stated that "with or without the [codefendant's] situation, the sentence would have been the same because of the circumstances of the crime." R. at 281.

Amica raises three issues on appeal. First, he argues that his sentence was procedurally unreasonable because the district court considered non-record

evidence and offered only a vague explanation for his sentence. Second, he argues that his sentence was substantively unreasonable because the court placed substantial weight on non-statutory factors. Third, he argues that the court clearly erred in denying him an additional one-point reduction for acceptance of responsibility.

## II. DISCUSSION

### A. Reasonableness of the Sentence

A court must impose a sentence that is "sufficient, but not greater than necessary," to comply with the following purposes:

> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> **(B)** to afford adequate deterrence to criminal conduct;
> **(C)** to protect the public from further crimes of the defendant; and
> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). In imposing a sentence, a court must also consider "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the kinds of sentences available," the applicable Guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id*. § 3553(a)(1), (3)-(7).

"We review the reasonableness of a sentence for abuse of discretion using a two-step process.  We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances."  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010) (citation omitted).  The party challenging the sentence bears the burden to show it is unreasonable.  *Id.*

**1. Procedural Reasonableness**

A sentence may be procedurally unreasonable if a district court commits an error "such as miscalculating the advisory guidelines range, treating the guidelines range as mandatory, or failing to consider the 18 U.S.C. § 3553(a) factors."  *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).  The court does not need to discuss each of the § 3553(a) factors individually.  *Id*.  To be procedurally reasonable, the court only must acknowledge that it considered the § 3553(a) factors and the defendant's arguments.  *Id*.

Here, the district court correctly calculated the Sentencing Guidelines range, acknowledged that the Guidelines were advisory, and stated that it considered Amica's arguments and the statutory factors.  This was sufficient for procedural reasonableness.  *See id*.  While the court mentioned Howard, Amica's codefendant, twice during the hearing, the court stated that it considered Amica's arguments and the statutory factors and it is clear from that record that its views on Howard were

not the only reason for the sentence.  Similarly, nothing in the record suggests that such views resulted from evidence Amica was unable to confront, as the court heard evidence concerning the codefendant's mental health issues at Amica's change-of-plea hearing, where Amica was present and demonstrated his ability to dispute details with which he disagreed.

## 2. Substantive Reasonableness

A district court abuses its discretion and imposes a substantively unreasonable sentence if it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc)). "[A] district court commits a clear error of judgment when it weighs [the proper] factors unreasonably, arriving at a sentence that does not 'achieve the purposes of sentencing as stated in § 3553(a).'"  *Id*. (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

"A sentence based on an improper factor fails to achieve the purposes of § 3553(a) and may be unreasonable . . . ."  *United States v. Aaron Williams*, 456 F.3d 1353, 1361 (11th Cir. 2006), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558 (2007).  "[T]he party challenging the

sentence bears the initial burden of establishing that the district court considered an impermissible factor at sentencing." *Id*. Whether a factor is impermissible is a question of law that we review de novo. *Id*. If the court considered an impermissible factor, we will vacate the sentence and remand unless the error is harmless. *Id*. at 1362. An error is harmless "if the record as a whole shows the error did not substantially affect the district court's selection of the sentence imposed." *Id*.

Additionally, although "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" is a factor that a court must consider in imposing a sentence, 18 U.S.C. § 3553(a)(6), a disparity in sentences may be warranted when the defendants are not similarly situated, *United States v. Joya Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008). "Although we do not automatically presume a sentence within the guidelines range to be reasonable," we ordinarily expect it to be. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). That a sentence is "well below" the statutory maximum sentence may also indicate its reasonableness. *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016).

Here, the district court explicitly stated that it considered the statutory factors and even made specific findings with regard to some of those factors, although it was not required to do so. *See Sarras*, 575 F.3d at 1219. Additionally,

10

the court expressly considered the purposes of § 3553(a), finding that the sentence it imposed was sufficient but not greater than necessary to deter future criminal conduct and to achieve substantial justice. Because the court based Amica's sentence on the statutory factors and because it considered the parties' arguments, the court's consideration of information about the codefendant does not render Amica's sentence substantively unreasonable.

As to the information's permissibility, which we review de novo,[6] characteristics about a codefendant may be relevant for the court's consideration of the "nature and circumstances of the offense" factor—and were in fact relevant considerations under that factor here. *See* 18 U.S.C. § 3553(a)(1). But even if the information about the codefendant was not within any of the enumerated factors and therefore impermissible, any error was harmless because the record as a whole shows that the court's consideration of that information did not substantially affect the sentence it imposed. *See Aaron Williams*, 456 F.3d at 1362.

Although Amica and his codefendant received disparate sentences, they were not similarly situated and the disparity therefore was warranted. *See Joya Williams*, 526 F.3d at 1324. Finally, that the sentence of 51 months was within the Guidelines range and well below the 15-year statutory maximum further indicate its reasonableness. *See Croteau*, 819 F.3d at 1310; *Hunt*, 526 F.3d at 746.

---

[6] *See Aaron Williams*, 456 F.3d at 1361.

**B. Acceptance of Responsibility**

We review a district court's denial of an acceptance-of-responsibility reduction for clear error. *United States v. Knight*, 562 F.3d 1314, 1322 (11th Cir. 2009). If a defendant qualifies for a two-level reduction for acceptance of responsibility and has an offense level of 16 or greater, he may receive an additional one-level reduction if the government makes a motion stating that "the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." U.S.S.G. § 3E1.1(b). After the government makes the motion, the court must determine whether to grant the motion. *See id.* § 3E1.1(b), cmt. n.6 (stating, if the court "also determines" that the defendant has met the criteria, the court should grant the motion). The timeliness of a defendant's acts is a "factual determination to be made on a case by case basis," considering the "extent of the trial preparation," the "court's ability to allocate its resources efficiently," and the "reasonable opportunity [for] defense counsel to properly investigate." *United States v. McConaghy*, 23 F.3d 351, 353-54 (11th Cir. 1994).

Although Amica qualified for the third point and the government was prepared to move for it, the court found that only a two-point reduction was

12

appropriate in light of Amica's conduct.  Amica attempted to deny key elements of his charged offense at his change-of-plea hearing.  Then, on the day of his scheduled sentencing, Amica moved to withdraw his guilty plea, which caused the court to expend additional resources to convert his scheduled sentencing hearing into a hearing on the motion.  Thus, the record supports the conclusion that Amica's conduct prevented the court from allocating its resources efficiently.  Accordingly, the district court did not clearly err when it denied Amica an additional point reduction for acceptance of responsibility.

**AFFIRMED.**