[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15190
Non-Argument Calendar

_____

D. C. Docket No. 04-00136-CR-J-99HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEDRICK BERNARD PRICE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 25, 2005)

Before BIRCH, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Sedrick Bernard Price appeals his 30-month sentence imposed after he pled guilty to being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He argues that his prior state conviction for carrying a concealed firearm should not be considered a "crime of violence" for purposes of enhancing his sentence under U.S.S.G. § 2K2.1(a)(4)(A). For the reasons stated more fully below, we affirm.[1]

According to the undisputed facts in the presentence investigation report ("PSI"), Price was stopped by a patrol officer, found to be driving with a suspended license, and arrested. Thereafter, a consensual search of his car revealed two live 5.45 caliber roundsand a CN Romarm rifle, model AK 74, manufactured in Romania. Price told officers that his fianceé, Kimberly Strauch, had purchased the gun and attempted, apparently unsuccessfully, to resell the gun back to the original seller. At the time of his arrest, Price previously had been convicted of, inter alia, Florida state charges of carrying a concealed firearm.

The PSI calculated Price's base offense level at 20, pursuant to U.S.S.G.

---

[1] We note at the outset that Price did not raise a constitutional objection to his sentence either in the district court or in his initial brief on appeal. Therefore, any argument regarding the constitutionality of his sentence in light of United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) has been abandoned. See United States v. Dockery, 401 F.3d 1261, 1261 (11th Cir. 2005) (holding that appellant abandoned his Booker claim on appeal by not raising a timely constitutional challenge to his sentence in his initial brief); United States v. Lebovitz, 401 F.3d 1263, ___ (11th Cir. 2005) (declining to address impact of Booker where appellant did not raise a constitutional challenge to the application of the Sentencing Guidelines to his case)

§ 2K2.1(a)(4)(A), which applies when the offense involves a firearm and "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A). Price was then given a 3-level reduction for acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a)-(b), for a total offense level of 17. Price had five criminal history points, placing him in criminal history category III, which, at offense level 17, provided for a guidelines range of 30-37 months.

Price's sole objection to the PSI was that his prior conviction for carrying a concealed firearm should not be considered a "crime of violence" for purposes of U.S.S.G. § 2K2.1(a)(4)(A), and his offense level was, therefore, incorrectly calculated. At the sentencing hearing, Price reiterated his legal objection to the calculation of his offense level and resulting guidelines range. He did not contest that he had a conviction for carrying a concealed firearm, but argued that the crime of carrying a concealed firearm did not meet the definition of "crime of violence" under § 2K2.1. Nevertheless, Price conceded that the district court was bound by precedent to decide the issue against him. The court overruled Price's objection and sentenced Price to 30 months' imprisonment. No other objections were lodged.

On appeal, Price argues that his base offense level was incorrectly calculated at 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A) because his prior conviction for carrying a concealed firearm is incorrectly considered a "crime of violence" under this Court's precedent. He acknowledges that we already have ruled, in United States v. Gilbert, 138 F.3d 1371 (11th Cir. 1998), that carrying a concealed firearm is considered a "crime of violence," but respectfully disagrees with our analysis and decision. In support of his argument, Price argues that nothing in the Florida statute criminalizing carrying a concealed firearm requires proof of an element involving "conduct that presents a serious potential risk of physical injury to another" and, thus, it should not be considered a crime of violence. He argues that a "crime of violence" should require a showing of an intent to injure or commit violence, and a circuit split exists on the issue, making it ripe for reconsideration. Finally, Price argues that the State of Florida decriminalizes carrying a concealed firearm through issuance of a permit, and our interpretation of "crime of violence" leads to potentially anomalous results.

We review a district court's application of the sentencing guidelines de novo and its findings of fact for clear error. United States v. Trujillo, 146 F.3d 838, 847 (11th Cir. 1998). A district court's interpretations of the guidelines are reviewed de novo. Gilbert, 138 F.3d at 1372.

4

Pursuant to U.S.S.G. § 2K2.1(a)(4)(A), a defendant's base offense level for a prohibited transaction involving a firearm is set at 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A). "[C]rime of violence," as used in § 2K2.1, is given the same meaning as that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2. U.S.S.G. § 2K2.1, comment. (n.5).

Under § 4B1.2, "crime of violence" means:

[A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another.

U.S.S.G. § 4B1.2(a)(1)-(2). The Commentary further clarifies that "crime of violence" includes conduct that, by its very nature, presents a serious potential risk of injury to another. U.S.S.G. § 4B1.2, comment. (n.1).

In Gilbert, we held that the defendant's prior conviction for carrying a concealed weapon under Florida law fit the definition of "crime of violence" under § 4B1.2(a) because "carrying a concealed weapon is conduct that poses a serious potential risk of injury." Gilbert, 138 F.3d at 1372. More recently, in United States v. Adams, we reiterated our holding in Gilbert that the crime of carrying a

5

concealed weapon constitutes a "crime of violence" within the meaning of the career offender provisions found in U.S.S.G. §§ 4B1.1, 4B1.2. Adams, 316 F.3d 1196, 1197 (11th Cir. 2003). We noted explicitly that, while the defendant there (as here) objected that his concealed weapons offenses were not "crimes of violence," his objection was contrary to the holding in Gilbert and would not be revisited. Id. at 1197 n.1. We emphasized that "[t]he law of this circuit is 'emphatic' that only the Supreme Court or this court sitting en banc can judicially overrule a prior panel decision." Id. citing Cargill v. Turpin, 120 F.3d 1366, 1386 (11th Cir.1997).

While in Adams, a dissenting judge disagreed with the holding in Gilbert and urged the Court to hold an en banc hearing in light of a circuit split on the issue of whether carrying a concealed weapon constitutes a "crime of violence," we declined to do so. Id. at 1201-03 (Propst, J. dissenting);[2] United States v. Adams, 62 Fed. Appx. 923 (11th Cir. Feb. 25, 2003) (table). Thus, to date, neither an en banc panel nor the Supreme Court has overruled the holdings in Gilbert and Adams. Accordingly, a conviction for carrying a concealed weapon remains a "crime of violence" for purposes of U.S.S.G. § 4B1.2, and likewise, § 2K2.1, and a three-judge panel cannot overrule those holdings. Price's sentence is, therefore,

---

[2] Honorable Robert B. Propst, United States District Judge for the Northern District of Alabama, sitting by designation.

affirmed.

**AFFIRMED.**