[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 13, 2005
THOMAS  K. KAHN
CLERK

No. 05-11909
Non-Argument Calendar

D. C. Docket No. 04-80154-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENRICK BROWN,

Defendant-Appellant.

—————————————

Appeal from the United States District Court
for the Southern District of Florida

—————————————

**(December 13, 2005)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

In November 2004, a Southern District of Florida grand jury returned a

two-count indictment alleging that appellant and another individual, while on

board a vessel subject to the jurisdiction of the United States, conspired to possess with intent to distribute a controlled substance, in violation of 46 App. U.S.C. § 1903(j) (Count 1), and possessed with intent to distribute a controlled substance, in violation of 46 App. U.S.C. § 1903(a) (Count 2). Both counts alleged that the offense involved 100 kilograms or more of a mixture and substance containing marijuana and that the mixture and substance containing marijuana weighed at least 400 kilograms.

On January 3, 2005, appellant pled guilty to Count 1 pursuant to a plea agreement with the Government, and a presentence investigation report ("PSI") was prepared. The PSI classified him as a career offender, and set his adjusted offense level at 34, pursuant to U.S.S.G. § 4B1.1(a), because he had two prior felony convictions involving a "crime of violence" and/or controlled substances. Appellant had been convicted on November 22, 1994, for carrying a concealed firearm, and on March 7, 1997, for cocaine trafficking. The PSI then reduced the adjusted offense level of 34 to 31, under U.S.S.G. § 3E1.1, for appellant's acceptance of responsibility. Because appellant was a career offender, his criminal history category was VI. That category combined with a total offense level of 31 yielded a sentencing guideline range of 188-235 months' imprisonment.

On February 25, 2005, more than a month after the Supreme Court decided

United States v. Booker, 543 U.S. ____, 125 S.Ct. 738 (2005), appellant filed objections to the PSI.   He contended among other things that "any prior convictions used to enhance a sentence must be alleged in the indictment, and [] a jury should determine whether a prior conviction is proved, and, if proved, whether it constitutes a crime of violence or controlled substance offense."  He posited that if the career offender guideline did not apply, he would be eligible for safety-valve treatment and that the guideline sentence range would be 46-57 months' imprisonment.

The court held appellant's sentencing hearing on March 18, 2005. Appellant had no objections to any of the PSI's factual recitations, but argued that he should not be designated as a career offender because the grand jury had not alleged his prior convictions in the indictment and a petit jury had not found those convictions beyond a reasonable doubt as required by Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2005),  Booker, and Shepard v. United States, 544 U.S. ___, 125 S.Ct. 1254 (2005).  As a fall-back argument, while conceding that this court  had classified the crime of carrying a concealed weapon as a "crime of violence," he asked the court to adopt the view espoused in cases from other circuits that a conviction for carrying a concealed firearm is not a crime of

violence.

The court rejected appellant's arguments, accepted the PSI's sentence range, treated the sentencing guidelines as advisory, considered the sentencing objectives of 18 U.S.C. § 3553(a)(2), as required by Booker, and sentenced appellant to a prison term of 188 months. He now appeals his sentence.

Appellant asks that we vacate his sentence on two grounds, neither of which has merit.[1] His first ground, that his prior convictions should have been alleged in the indictment and established by a jury, ignores Supreme Court precedent, which we have followed, that expressly exempts prior convictions from the constitutional rule that district courts may not enhance a sentence based on facts neither admitted nor established by a jury beyond a reasonable doubt. See United States v. Gallegos-Aguero, 409 F.3d 1274, 1276-77 (11th Cir. 2005). His second ground, that carrying a concealed firearm is not a "crime of violence," ignores our precedent by which we are bound. See United States v. Gilbert, 138 F.3d 1371 (11th Cir. 1998).

AFFIRMED.

---

[1] In his brief, in listing the issues on appeal, appellant says under **Issue II**, that he relied on Blakely and the mandatory nature of the guidelines in entering his plea of guilty to Count 1. In effect, he appears to be saying that his plea was involuntary. As far as we can tell from the record, appellant did not move the district court to withdraw his plea on the ground that it was involuntary – in the sense that he would not have pled guilty had he known that the Supreme Court, in Booker, would hold that the sentencing guidelines are advisory, not mandatory. We therefore do not address the issue. If appellant genuinely believes that his plea was involuntary, he can present the issue to the district court in a motion filed under 28 U.S.C. § 2255.

4