[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 23, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-13132
Non-Argument Calendar
_____

D. C. Docket No. 04-14065-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONE DAVID SCOTT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 23, 2005)

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Tyrone David Scott appeals his 235-month sentence for

possession with intent to distribute 5 grams or more of cocaine base, 21 U.S.C.

§ 841(1)(a)(1). On appeal, Scott argues that this court's opinion in *United States v. Johnson*, 399 F.3d 1297 (11th Cir. 2005), holding that the possession of a firearm by a felon is not a crime of violence, effectively overruled *United States v. Gilbert*, 138 F.3d 1371 (11th Cir. 1998). *Johnson* is not directly on point, and therefore, because *Gilbert* remains good law, we affirm Scott's sentence.

We review "a district court's interpretation of the Sentencing Guidelines *de novo*." *Gilbert*, 138 F.3d at 1372.[1] A district court generally may enhance a defendant's sentence as a career offender "if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The term "crime of violence" has two possible definitions according to the career-offender guideline. The first defines "crime of violence" as any offense punishable for a term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of

---

[1] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), did not alter our review of the application of the Guidelines or the applicable standards of review. *See United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005).

another." U.S.S.G. § 4B1.2(a)(1). The second defines "crime of violence" as any offense punishable for a term exceeding one year that "is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). The Guidelines specifically exclude unlawful possession of a firearm by a felon from the definition of "crime of violence." U.S.S.G. § 4B1.2, comment. (n.1).

We have previously ruled that carrying a concealed firearm is a crime of violence for purposes of the career-offender guideline. *United States v. Adams*, 316 F.3d 1196, 1197 (11th Cir.), *cert. denied*, 538 U.S. 1007, 123 S. Ct. 1920 (2003); *Gilbert*, 138 F.3d at 1371. We have made it clear that the law of the Circuit is "emphatic" that a prior panel decision may only be overruled by the Supreme Court or by this Court when it sits *en banc*. *Adams*, 316 F.3d at 1197 n.1 (quoting *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997)).

The record demonstrates that Scott had a prior conviction for carrying a concealed firearm, and the district court considered this conviction to qualify Scott a career-offender under U.S.S.G. § 4B1.1. This is the exact issue we decided in *Gilbert*, and *Gilbert* is binding precedent that determines this issue. *See Adams*, 316 F.3d at 1197 n.1. To the extent that Scott argues that *Johnson* effectively

3

overruled *Gilbert*, his argument fails. Both the crime and statute in *Johnson* are different than the ones before us. *See Johnson*, 399 F.3d at 1298-1301 (addressing the crime "possession of a firearm by a felon," as a crime of violence under 18 U.S.C. 3156(a)(4)). Accordingly, for the foregoing reasons, we affirm Scott's sentence.

**AFFIRMED.**