[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 28, 2006
THOMAS K. KAHN
CLERK

No. 05-16222
Non-Argument Calendar

_____

D. C. Docket No. 05-00027-CR-4-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KORSHAN WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(June 28, 2006)**

Before TJOFLAT, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Korshan Williams appeals his 151-month sentence, imposed after he pleaded

guilty to possession with intent to distribute and distribution of cocaine in violation

of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On appeal, he argues that the district court erred by finding that one of his prior Florida state convictions for possession of a concealed weapon a "crime of violence" for purposes of sentencing him as a career offender under U.S.S.G. § 4B1.2 because the factual circumstances underlying that conviction did not pose a "serious risk of physical injury to another." For the reasons set forth more fully below, we affirm.

According to the undisputed facts in the presentence investigation report ("PSI"), Williams was contacted by a confidential informant who asked to purchase 1.5 ounces of powder cocaine from Williams. The CI eventually purchased 26 grams of powder cocaine from Williams while police monitored the sale electronically. On March 29, 2005, a search warrant was served at Williams's apartment, and police seized one gram of marijuana, a total of one gram of crack cocaine, and 2.6 grams of powder cocaine.

Counts 1 and 2 of the indictment were grouped together for sentencing purposes, and, based on total drug quantity, Williams's base offense level was set at 18, pursuant to U.S.S.G. § 2D1.1(c)(11). Williams, however, was found to have two prior Florida state convictions for carrying a concealed weapon, which the PSI further found constituted two prior crimes of violence, requiring that Williams be sentenced as a career offender within the definition of § 4B1.2, and, thus, his base

offense level was set at 32, pursuant to U.S.S.G. § 4B1.1(b)(C).  Williams received

a three-level reduction for acceptance of responsibility under U.S.S.G. §§ 3E1.1(a)

and (b) for a total offense level of 29.  Williams was assessed nine criminal history

points, but based on his career offender status, his criminal history category was set

at VI.  Based on the above calculations, the PSI found an advisory sentencing

range of 151 to 188 months' imprisonment.

Williams lodged two objections to the PSI, only one of which is relevant to

the present appeal.  He objected that one of his two prior Florida state convictions

for carrying a concealed firearm should not be considered a  "crime of violence"

under U.S.S.G. § 4B1.2, and, therefore his offense level was incorrectly calculated.

Williams argued that for the offense to count as a "crime of violence," it had to

"present a serious potential risk of physical injury," and because one of his two

convictions for carrying a concealed weapon did not pose a risk of injury to

anyone, it should not be counted.

At the sentencing hearing, Williams reiterated his objection to the

calculation of his offense level based on one of his prior convictions for carrying a

concealed weapon.  He did not contest that he had two convictions for carrying a

concealed firearm, but argued that the factual basis for one of those convictions did

not meet the definition of "crime of violence" because the circumstances of the

crime—involving a traffic stop where police found a firearm under the passenger seat of the car Williams was driving—did not involve a "serious potential risk of injury to anyone." The court found that the determination of whether a particular conviction for carrying a concealed weapon posed a risk of physical injury should not be done on a case-by-case basis, and, thus overruled Williams's objection and found that carrying a concealed weapon constituted a crime of violence. The court then sentenced Williams to 151 months' imprisonment, the low end of the recommended sentencing range.

Acknowledging that we have already ruled, in United States v. Gilbert, 138 F.3d 1371 (11th Cir. 1998), that carrying a concealed firearm is considered a "crime of violence," Williams argues that the Gilbert decision should be reconsidered insofar as it creates a per se rule that carrying a concealed weapon is always a "crime of violence." In support of his argument, Williams argues that there should be no per se rule that categorically includes or excludes certain crimes as crimes of violence, and suggests a more studied approach using the facts involved in the underlying offense to determine whether a crime truly meets the definition of "crime of violence" as envisioned by the Sentencing Guidelines. Williams notes that there is a split among circuits as to whether or not courts should conduct any inquiry regarding facts underlying a conviction, but argues that

this Court's "stiff reading of the guidelines," prohibiting any examination of facts behind a prior conviction, is not compelled by the guidelines or any other relevant law. While admitting that Gilbert did not establish any exception to a per se rule, Williams argues that a per se rule is incorrect and that we should rehear the issue en banc to establish a rule that permits district courts to look at the "actual 'conduct of which the defendant was convicted' in the prior offense" by "examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented," quoting Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). Alternatively, Williams argues that Gilbert was wrongly decided even if a per se rule is followed, citing a circuit conflict and arguing that Gilbert is difficult to reconcile with a line of this Court's cases holding that possession of a firearm by a convicted felon does not constitute a crime of violence. Williams further argues that the facts surrounding his conviction—involving the discovery of a firearm under the passenger seat of his car during a routine traffic stop—imply only the possibility, not the actual risk, of physical force as required to make the crime a "crime of violence." Thus, Williams requests that an exception be added to the per se rule, or, alternatively, that this Court reconsider and overrule Gilbert en banc.

5

We review a district court's application of the sentencing guidelines de novo and its findings of fact for clear error. United States v. Trujillo, 146 F.3d 838, 847 (11th Cir. 1998). A district court's interpretation of the guidelines are reviewed de novo. Gilbert, 138 F.3d at 1372.

Under § 4B1.2, "crime of violence" means:

[A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another.

U.S.S.G. § 4B1.2(a)(1)-(2). The Commentary further clarifies that "crime of violence" includes conduct that, by its very nature, presents a serious potential risk of injury to another. U.S.S.G. § 4B1.2, comment. (n.1). When deciding whether an offense constitutes a "crime of violence," "the offense of conviction (i.e., the conduct of which the defendant was convicted) is the focus of the inquiry." Id., comment. (n.2).

In Gilbert, we held that the defendant's prior conviction for carrying a concealed weapon under Florida law fit the definition of "crime of violence" under § 4B1.2(a) because "carrying a concealed weapon is conduct that poses a serious potential risk of injury." Gilbert, 138 F.3d at 1372. More recently, in United States v. Adams, we reiterated our holding in Gilbert that the crime of carrying a

6

concealed weapon constitutes a "crime of violence" within the meaning of the career offender provisions found in U.S.S.G. §§ 4B1.1, 4B1.2. Adams, 316 F.3d 1196, 1197 (11th Cir. 2003). We explicitly noted that, while the defendant there (as here) objected that his concealed weapons offenses were not "crimes of violence," his objection was contrary to the holding in Gilbert and would not be revisited. Id. at 1197 n.1. The Court emphasized that "[t]he law of this circuit is 'emphatic' that only the Supreme Court or this court sitting en banc can judicially overrule a prior panel decision." Id. citing Cargill v. Turpin, 120 F.3d 1366, 1386 (11th Cir.1997).

Notwithstanding a dissenting judge's suggestion that we hold an en banc hearing in Adams in light of a circuit split on the issue of whether carrying a concealed weapon constitutes a "crime of violence," we declined to do so. Id. at 1201-03 (Propst, J. dissenting);[1] United States v. Adams, 62 Fed. Appx. 923 (11th Cir. Feb. 25, 2003) (table) (denying motion for an en banc rehearing). Furthermore, in a recent unpublished opinion cited by both parties in their briefs, we reaffirmed the holdings in Gilbert and Adams and neither this Court sitting en banc nor the Supreme Court wished to revisit the issue. See United States v. Price, 132 Fed. Appx. 341, 343 (11th Cir.) (unpublished), rehearing en banc denied 159

---

[1] Honorable Robert B. Propst, United States District Judge for the Northern District of Alabama, sitting by designation.

Fed.Appx. 986 (11th Cir.), cert. denied 126 S.Ct. 775 (2005). Thus, to date, neither an en banc panel of this Court nor the Supreme Court has overruled our holdings in Gilbert and Adams. Accordingly, a conviction for carrying a concealed firearm remains a "crime of violence" for purposes of U.S.S.G. § 4B1.2, and a three-judge panel cannot overrule those holdings.

We note that Williams also suggests that the Supreme Court's recent holding in Shepard supports his argument that district courts should be able to look behind the fact of the prior conviction to examine the facts and circumstances for evidence that, in actuality, the crime truly poses a substantial risk of physical harm to others. Williams misinterprets Shepard's holding.

In Shepard, the Supreme Court addressed whether a court could use police reports or complaint applications to establish whether a defendant's prior conviction for burglary qualified as a "violent felony" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Shepard, 543 U.S. at ___, 125 S.Ct. at 1257. The ACCA made burglary a "violent felony" only if the burglary was a "generic" one—that is, was committed in a building or enclosed space as opposed to a boat or a vehicle. Id. Previously, the Court had held that, where a state statute defined burglary broadly to include more than "generic" burglaries ("non-generic" burglary statutes), a district court, for purposes of determining whether a non-

generic burglary qualified as a "violent felony" under the ACCA, should normally look "only to the fact of conviction and the statutory definition of the prior offense." Id. at ___, 125 S.Ct. at 1257-58, quoting Taylor v. United States, 495 U.S. 575, 602, 110 S.Ct. 2143, 2160, 109 L.Ed.2d 607 (1990). However, if the indictment or information and jury instructions showed that the defendant was charged only with burglary of a building, and the jury necessarily had to find entry of a building, then the conviction might qualify as a violent felony under the ACCA. Id. at ___, 125 S.Ct. at 1258. The Court in Shepard ultimately rejected the use of police reports or complaint applications to make such a finding and held that a district court's inquiry to determine whether a plea of guilty to a non-generic statute necessarily admitted elements of the generic offense is limited "to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Id. at ___, 125 S.Ct. at 1263.

First, in this case Williams is not arguing that the district court used some improper document or method to find the elements of his offense or to conclude that he committed a crime of violence. Indeed, he admitted to his prior conviction, but asked that the district court go beyond the mere elements of the offense and

language of the statute to find additional facts that might lead to a conclusion that, despite this Court's precedent, the facts of Williams's offense would take it outside the definition of a "crime of violence."

Assuming without deciding that Shepard applies to career offender determinations, we conclude that nothing in Shepard countenances the result Williams proposes above. Florida's carrying a concealed weapon statute previously was discussed by this Court in United States v. Hall, 77 F.3d 398, 402 n.4 (11th Cir. 1996), which held that carrying a concealed firearm qualifies as a "violent felony" for purposes of the ACCA. In Hall, we found that, in Florida, "carrying a concealed weapon requires the weapon to be (1) on or about the person, and (2) hidden from the ordinary sight of another person." Id., quoting Fla. Stat. § 790.01. We then distinguished carrying a concealed firearm from, for example, possession of a firearm by a convicted felon, because carrying a concealed firearm required that the firearm be found "on or about the person," making the firearm readily available for use upon another person, while simple possession of a firearm by a convicted felon did not require that the firearm be anywhere near the person illegally possessing it. Id. at 401-02, n.4. Our decision in Gilbert relied on Hall and extended its reasoning to hold that carrying a concealed firearm also qualified as a "crime of violence" under § 4B1.2. Gilbert,

10

138 F.3d at 1372.

Accordingly, unlike in Shepard, there is no ambiguity in whether Florida's carrying a concealed firearm statute qualifies as a "violent felony" or, for that matter, a "crime of violence," and, therefore, under our precedent, the fact of Williams's conviction for carrying a concealed firearm was sufficient to support the district court's guidelines calculations. Cf. United States v. Owens, No. 05-10753, manuscript op. at 5-6 (11th Cir. May 4, 2006) (holding that a prior conviction for possession of an unregistered firearm qualifies as a crime of violence under § 4B1.2 and concluding that there was no ambiguity on the face of the defendant's judgment of conviction that would require a district court to look into additional facts other than the fact of the conviction itself).

In light of the foregoing, we conclude that Williams's conviction for carrying a concealed firearm qualified as a "crime of violence" for purposes of calculating his base offense level under U.S.S.G. § 4B1.2. We, therefore, affirm.

**AFFIRMED.**