[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-12071
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 14, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00007-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR ARREGUIN-AGUILAR,
a.k.a. Ermi Alejandro Pineda-Mondojano,
a.k.a. Ermi Alejundro,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(November 14, 2007)**

Before TJOFLAT, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

Appellant pled guilty to illegal re-entry into the United States after deportation, in violation of 8 U.S.C. § 1326 and 6 U.S.C. §§ 202 and 557, and the district court sentenced him to prison for 46 months. He now appeals his sentence.

In his brief, appellant contends that the court erred in increasing his base offense level by 16 levels – because he was deported after having been convicted in Florida of carrying a concealed weapon – because that offense was not a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). He contends in addition that the court erred in failing explicitly to address the sentencing factors of 18 U.S.C. § 3553(a), to find that his sentence is "not greater than necessary," and to allow a downward departure under U.S.S.G. § 5K3.1 because of the disparity between his sentence and sentences given to defendants in "fast track" jurisdictions.

We review the district court's interpretation of the Sentencing Guidelines de novo. United States v. Dorman, 488 F.3d 936, 938 (11th Cir. 2007).[1] Whether a prior conviction is a "crime of violence" is a question of law to be determined by interpreting the Guidelines. United States v. Glover, 431 F.3d 744, 749 (11th Cir. 2005). A line of cases from this court establishes as a matter of law that a conviction for carrying a concealed firearm in Florida is a crime of violence under

---

[1] The Government argues that plain error review is appropriate because appellant failed to raise this issue in the district court. We need not consider the argument because we reach the same result regardless of the applicable standard of review.

2

the Guidelines. United States v. Gilbert, 138 F.3d 1371, 1372 (11th Cir. 1998) (interpreting § 4B1.1) ; United States v. Williams, 435 F.3d 1350, 1354 (11th Cir. 2006) (same). We are bound by our prior rulings. See United States v. Steele, 147 F.3d 1316, 1317-18 (11th Cir. 1998) (en banc). In sum, the district court committed no error in finding that appellant's prior conviction was a crime of violence. We turn, then, to the question of whether the court properly considered the § 3553(a) sentencing factors – specifically, whether the court found that his sentence was not greater than necessary – and should have allowed a downward departure.

It is clear from the record of the sentencing hearing that the district court considered the § 3553(a) sentencing factors, and used language closely related to the factor at issue when it stated, in part, that the "sentence is sufficient, and a greater sentence is not necessary." As for appellant's request for a downward departure under § 5K3.1, the district court was prohibited from considering sentence disparities between judicial districts which have the "fast track" program and those, like the district here, that do not. See United States v. Arevalo-Juarez, 464 F3d. 1246 (11th Cir. 2006).

Appellant's sentence is

AFFIRMED.