[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 8, 2008
THOMAS K. KAHN
CLERK

No. 07-12071
Non-Argument Calendar

_____

D. C. Docket No. 07-00007-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR ARREGUIN-AGUILAR,
a.k.a. Ermi Alejandro Pineda-Mondojano,
a.k.a. Ermi Alejundro,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 8, 2008)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before TJOFLAT, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

This case is on remand from the United States Supreme Court, <u>Arreguin-Aguilar v. United States</u>, ___ S. Ct. ___, 2008 WL 460875, 1 (2008), which vacated our opinion <u>Arreguin-Aguilar</u>, 257 Fed. Appx. 152 (11th Cir. 2007) (per curiam). In that opinion, we affirmed the sentencing decision of the United States District Court for the Northern District of Florida to increase Arreguin's base-level offense by 16 levels on the ground that he was deported after being convicted of carrying a concealed weapon, a crime which we determined to be a crime of violence under the United States Sentencing Guidelines. To come to that conclusion, we relied on a line of Eleventh Circuit cases interpreting U.S.S.G. § 4B1.1. <u>See</u> <u>United States v. Gilbert</u>, 138 F.3d 1371, 1372 (11th Cir.1998); <u>United States v. Williams</u>, 435 F.3d 1350, 1354 (11th Cir.2006). That section defines a crime of violence one way. Arreguin, however, was sentenced under U.S.S.G. § 2L1.2(b)(1)(A)(ii), which defines a crime of violence in slightly different terms.

When Arreguin petitioned the Supreme Court for a writ of certiorari, the Solicitor General filed a brief arguing that § 2L1.2(b)(1)(A)(ii) differs materially from § 4B1.1, and that the district court's decision to increase the base level of his offense by 16 levels was therefore a plain error. The Supreme Court vacated our

judgment affirming the district court and remanded the case "for consideration in light of the position asserted by the Solicitor General in his brief for the United States filed April 21, 2008." Arreguin-Aguilar v. United States, ___ S. Ct. ___, 2008 WL 460875, 1 (2008).

On June 5, 2008, Arreguin moved for expedited review of the issue because, if the Solicitor General is correct, he may be due for release in a matter of days.

We therefore GRANT his motion for expedited review, VACATE the district court's judgment, and REMAND for further consideration in light of the Solicitor General's brief.