[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 14, 2008
THOMAS K. KAHN
CLERK

No. 07-15845
Non-Argument Calendar

_____

D. C. Docket No. 05-20467-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO JOSEPH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 14, 2008)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Julio Joseph appeals his 168-month sentence for possession with intent to

distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1).

Joseph contends that the district court erred by finding that his prior Florida

conviction for carrying a concealed weapon was a violent felony for purposes of

enhancing his sentence under U.S.S.G. § 4B1.1 (Nov. 2004) because: (1) the

offense was not inherently dangerous or violent; (2) in Florida, a person may carry

a concealed weapon if he has a license; (3) the Florida statute does not require

proof that the person intended to use the concealed weapon for violent purposes;

and (4) carrying a concealed weapon is more like a felon-in-possession crime,

which is not a violent crime, than the offenses enumerated in the career offender

provision.

We review de novo the district court's application of the guidelines and its

factfindings only for clear error. United States v. Lee, 427 F.3d 881, 892 (11th Cir.

2005). A defendant is classified as a career offender under § 4B1.1(a) if he has at

least two prior felony convictions for crimes of violence. U.S.S.G. § 4B1.1(a).

The term "crime of violence" is defined in § 4B1.2(a). In United States v. Gilbert,

138 F.3d 1371 (11th Cir. 1998), abrogated by Begay v. United States, ___U.S.___,

128 S. Ct. 1581 (2008), we held that "carrying a concealed weapon in violation of

Florida law is a 'crime of violence' under U.S.S.G. § 4B1.2(1)."[1] Id. at 1372. In

---

[1] The guideline we referred to as U.S.S.G. § 4B1.2(1) in Gilbert was listed as § 4B1.2(a) under the 2004 version of the guidelines, which apply to the instant case.

June 2008, however, this Court decided that <u>Gilbert</u> had been abrogated by the Supreme Court's decision in <u>Begay</u> and held that the Florida offense of carrying a concealed weapon—Joseph's prior conviction at issue—was not a crime of violence under the guidelines. <u>United States v. Archer</u>, ___F.3d___, No. 07-11488, 2008 WL 2521969, at *1, *4 (11th Cir. June 26, 2008).

Joseph was sentenced as a career offender based on the district court's finding that his prior Florida conviction for carrying a concealed weapon was a crime of violence for the purposes of § 4B1.1(a). That finding was entirely consistent with the law of this circuit at the time. The law having changed, however, the sentence must be vacated and the case remanded for resentencing in light of our recent <u>Archer</u> decision.[2]

**VACATED AND REMANDED.**

---

[2] Joseph also contends that the district court violated his Fifth and Sixth Amendment rights by increasing his sentence based on a fact not admitted or found by the jury, and that his sentence was substantively unreasonable. However, because we have vacated Joseph's sentence, we need not address those issues.