[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14816
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 7, 2011
JOHN LEY
CLERK

D. C. Docket Nos. 08-00348-CV-OC-10-GRJ,
03-00061-CR-OC-10-GRJ

BOBBY BOYLE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 7, 2011)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Bobby Boyle, a federal prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2255 motion to correct or reduce his sentence. The district court concluded that Boyle's § 2255 motion was barred by the sentence appeal waiver in his plea agreement. After review, we affirm.[1]

## I. FACTUAL BACKGROUND

### A. Plea Agreement

In 2003, Boyle pled guilty, pursuant to a plea agreement, to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a) and (b)(1)(C). Boyle's plea agreement contained a sentence appeal waiver in which Boyle waived his "right to appeal defendant's sentence, directly or collaterally, including the filing of a 28 U.S.C. § 2255 petition, on any ground . . . except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines." Boyle acknowledged in the plea agreement that his statutory maximum sentence was twenty years' imprisonment.

During the plea hearing, a magistrate judge reviewed with Boyle, inter alia, the terms of the plea agreement. The magistrate judge pointed out the sentence appeal waiver. The magistrate judge then asked Boyle whether he understood that

---

[1]In a § 2255 proceeding, we review a district court's legal conclusions de novo and its factual findings for clear error. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).

he was waiving his right to appeal the sentence "directly or collaterally, including a waiver of [Boyle's] right to file what is referred to as a 2255 petition" and reviewed the exceptions to the sentence appeal waiver. Boyle responded that he understood. The magistrate judge found that Boyle had entered his guilty plea knowingly and voluntarily and filed a report ("R&R") recommending that the district court accept Boyle's plea. The district court adopted the R&R without objection from Boyle and accepted Boyle's guilty plea.

**B. 2003 Sentencing**

Pursuant to U.S.S.G. § 4B1.1, the Presentence Investigation Report ("PSI") recommended that Boyle be classified a career offender based on Boyle's two prior felony convictions for (1) carrying a concealed firearm and (2) possession of cocaine with intent to sell or deliver. See U.S.S.G. § 4B1.1(a) (2003) (designating a defendant a career offender if he, inter alia, has "at least two prior felony convictions of either a crime of violence or a controlled substance offense"); United States v. Gilbert, 138 F.3d 1371, 1372 (11th Cir. 1998) (concluding that the offense of carrying a concealed firearm was a crime of violence under § 4B1.1(a)). Because of Boyle's career offender status, his offense level rose from level 10 to level 32. After a 3-point reduction for acceptance of responsibility, Boyle's total offense level was 29. With a criminal history category of VI, the PSI calculated

3

the applicable guidelines range as 151 to 188 months' imprisonment.

At the 2003 sentencing, Boyle did not object to the career offender enhancement or to any of the PSI's guidelines calculations. The district court imposed the career offender enhancement under § 4B1.1, resulting in a guidelines range of 151 to 188 months' imprisonment. The district court imposed a 151-month sentence. Boyle did not file a direct appeal of his sentence in 2003.

**C.      Section 2255 Motion in 2008**

In April 2008, in United States v. Archer, 531 F.3d 1347 (11th Cir. 2008), this Court concluded that the offense of carrying a concealed firearm was not a crime of violence for purposes of U.S.S.G. § 4B1.1's career offender enhancement. Prior to Archer and as noted earlier, carrying a concealed weapon was a crime of violence under § 4B1.1's career offender enhancement. See United States v. Gilbert, 138 F.3d 1371, 1372 (11th Cir. 1998). In Archer, this Court determined that our precedent had been undermined to the point of abrogation by the Supreme Court's decision in Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581 (2008). See Archer, 531 F.3d at 1352.

In August 2008, Boyle filed this § 2255 motion challenging his career offender designation based on Archer.[2] The government moved to dismiss Boyle's

_____

[2]Boyle's § 2255 motion does not allege a claim of ineffective assistance of trial counsel or appellate counsel with respect to his career offender designation.

4

§ 2255 motion, arguing that Boyle's <u>Archer</u> claim: (1) was barred by the collateral appeal waiver in Boyle's plea agreement; (2) was untimely under § 2255(f)(1) because it was not filed within one year of his 2003 conviction becoming final; (3) was not cognizable under § 2255; and (4) was procedurally defaulted because he did not raise it at sentencing.

In response, Boyle asserted that he "is not and does not contest the validity of his deal with the government; nor does he challenge the legality of his appeal waiver clause." Instead, Boyle argued that, although he now challenged his career offender designation in light of <u>Archer</u>, his claim also implicated the Due Process Clause. As such, Boyle contended his § 2255 claim was cognizable under § 2255 and fell within the collateral appeal waiver's "violation of law apart from the sentencing guidelines" exception. Boyle claimed his § 2255 motion was timely under § 2255(f)(3) because it was filed it within one year of <u>Begay</u>, which announced a substantive change in the law. Finally, Boyle argued that he could not procedurally default his claim based on <u>Archer</u> because he was "actually innocent" of being a career offender.

On September 15, 2009, the district court dismissed Boyle's § 2255 motion, concluding it was barred by Boyle's collateral appeal waiver. The district court rejected Boyle's argument that his § 2255 claim fell within the "violation of law

5

apart from the sentencing guidelines" exception. Specifically, the district court stated that "<u>Archer</u> does nothing more than interpret the Guidelines in a new albeit a different and important way," and "neither <u>Archer</u> or any Supreme Court precedent upon which <u>Archer</u> relied was predicated upon any new rule of constitutional interpretation."

Boyle filed this appeal. The district court granted Boyle's request for a Certification of Appealability.

## II. DISCUSSION

Among the considerations that the defendant may offer as part of his plea agreement is the waiver of his right to appeal his sentence, provided that the waiver is made knowingly and voluntarily. <u>United States v. Howle</u>, 166 F.3d 1166, 1168 (11th Cir. 1999). An appeal waiver may waive the right to appeal difficult, debatable legal issues and even blatant legal error. <u>Id.</u> at 1169.

Under the terms of Boyle's sentence appeal waiver, Boyle cannot collaterally attack his sentence through a § 2255 motion. Boyle's sentence appeal waiver contained an exception for claims that the sentence was "in violation of a law <u>apart from the sentencing guidelines</u>." (Emphasis added.) Reading the sentence appeal waiver and exception together, Boyle (1) waived his right to argue in a direct or collateral appeal that the sentencing court misapplied the guidelines,

6

but (2) preserved his right to argue that his sentence violated the Constitution or some other law. Thus, to the extent Boyle's § 2255 motion claims that, in light of Archer, the district court erroneously applied the § 4B1.1 career offender enhancement in the guidelines, that issue is barred by Boyle's sentence appeal waiver in his plea agreement.

Boyle contends that his § 2255 motion is not barred by his sentence appeal waiver because his claim based on Begay and Archer also implicates the Due Process Clause and thus falls within the "violation of a law apart from the sentencing guidelines" exception to the sentence appeal waiver.[3] Even assuming

---

[3]For the first time on appeal, Boyle raises the following new arguments: (1) Boyle's collateral appeal waiver is invalid and unenforceable because it was not knowingly and voluntarily made; (2) Boyle's § 2255 claim falls within the upward departure exception to the collateral appeal waiver because Boyle is not a career offender under Archer; and (3) there was a mutual mistake regarding his status as a career offender, absent which he would have been able to attack his sentence. Because Boyle did not raise these arguments in the district court, we decline to address them. See Dohrmann v. United States, 442 F.3d 1279, 1282 (11th Cir. 2006) (refusing to address an argument raised for the first time in a federal prisoner's appeal of the denial of his § 2241 petition); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (stating in a § 2255 context that "issues not raised below are normally deemed waived"). Likewise, we decline to address Boyle's argument, raised for the first time in his reply brief, that his collateral appeal waiver is unenforceable because it results in a miscarriage of justice. See United States v. Curtis, 380 F.3d 1308, 1310 (11th Cir. 2004) (explaining that issues not raised in the initial brief on appeal are deemed waived); Fed. R. App. P. 28(a)(5) (requiring issues to be raised in initial briefs).

Furthermore, to the extent Boyle now claims his sentence appeal waiver is invalid, in the district court Boyle affirmatively asserted that he "is not and does not contest the validity of his deal with the government; nor does he challenge the legality of his appeal waiver clause." In other words, Boyle not only failed to raise the issue of the validity of his sentence appeal waiver in the district court, he arguably invited the district court to conclude that the appeal waiver was valid. See United States v. Brannan, 562 F.3d 1300, 1306 (11th Cir. 2009) (explaining that we are precluded from reviewing an issue raised on appeal if it was waived through invited error). In any event, the record refutes that his invalidity claim because the district court covered the

*arguendo* that Boyle's § 2255 motion raises a due process claim that falls within the exception in his plea agreement, Boyle never challenged his career offender status in the district court or on direct appeal. Thus, his due process-career offender claim is barred and the district court's dismissal was proper for the reasons discussed in our recent decision in McKay v. United States, ___ F.3d ___, 2011 WL 4389641 (11th Cir. Sept. 22, 2011). See Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1256 (11th Cir. 2001) (explaining that we may affirm a district court's judgment "on any ground that finds support in the record" (quotation marks omitted)).

In McKay, this Court concluded that a § 2255 movant procedurally defaulted his challenge to his career offender designation by failing to advance such a claim on direct appeal. See McKay, 2011 WL 4389641 at *1. McKay, like Boyle, was classified as a career offender based in part on a conviction for carrying a concealed weapon. Id. McKay did not object to his career offender enhancement at sentencing and did not file a direct appeal. Id. After this Court decided Archer, McKay filed a § 2255 motion challenging his career offender designation. Id. at

_____

relevant points in its colloquy about the sentence appeal waiver. See United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993) (explaining that the government establishes that a defendant waived his appeal rights knowingly and voluntarily, when it shows that "the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy").

8

*3. The district court denied the § 2255 motion on the ground that McKay's "Guidelines misapplication claim was not cognizable under § 2255." Id.

On appeal, this Court affirmed the denial of McKay's § 2255 motion on procedural default grounds, "leav[ing] for another day the question of whether this type of claim is cognizable under § 2255 in the first instance." Id. at *4. The Court rejected McKay's argument that his "actual innocence" excused his procedural default. Id. at *7. The Court stated that "for purposes of the actual innocence exception, 'actual innocence' means factual innocence, not mere legal insufficiency." Id. at *5 (quotation marks omitted). The Court explained that McKay's claim was not one of factual innocence, as follows:

> McKay makes the purely legal argument that he is actually innocent of his career offender sentence because his prior conviction for carrying a concealed weapon should not have been classified as a "crime of violence" under the Guidelines. McKay does not even suggest, because he cannot, that he did not actually commit the crime of carrying a concealed weapon. In other words, he makes no claim of factual innocence of the predicate offense.

Id. at *7. Thus, the Court concluded that "even if the actual innocence exception were to extend to the noncapital sentencing context (a question we need not decide), this exception would not apply to McKay's claim of legal innocence and thus could not excuse his procedural default." Id.

Here, it is undisputed that Boyle did not file a direct appeal of his sentence.

9

Boyle argues, like McKay, that his "actual innocence" excuses his procedural default. However, Boyle does not contend that he is factually innocent of the underlying offense of carrying a concealed weapon. Rather, Boyle argues that his conviction is legally insufficient to constitute a "crime of violence" for purposes of U.S.S.G. § 4B1.1. As such, under McKay, the actual innocence exception does not apply to Boyle's claim. Thus, Boyle procedurally defaulted any due process claim relating to his designation as a career offender.[4]

In sum, we conclude that, to the extent Boyle's § 2255 motion raised a guidelines calculation error, it is barred by his sentence appeal waiver. To the extent Boyle's § 2255 motion raised a due process claim not barred by his sentence appeal waiver, Boyle procedurally defaulted that claim by not raising it in a direct appeal of his sentence. For these reasons, the district court properly dismissed Boyle's § 2255 motion.

**AFFIRMED.**

---

[4]Alternatively, Boyle asserts that his claim falls under the cause and prejudice exception to the procedural default rule. See McKay, 2001 WL 4389641 at *4 (stating that, under the cause and prejudice exception to the procedural default rule, the movant must show cause for failing to raise the "error on direct appeal and actual prejudice from the alleged error"). Because Boyle did not assert this ground in the district court, we do not address it. See Tannenbaum, 148 F.3d at 1263.

10