[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13174
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00537-TCB-LTW-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EPIFANIA SANCHEZ DELAROSA,
a.k.a. Yolanda,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 16, 2014)

Before TJOFLAT, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Epifania Sanchez Delarosa appeals her total 38-month sentence imposed for conspiracy to harbor aliens and conspiracy to promote prostitution, all in violation of 18 U.S.C. § 371, and promoting prostitution, in violation of 18 U.S.C. § 2422(a). She challenges the district court's denial of her request for a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). On appeal, Sanchez argues that she has clearly demonstrated acceptance of responsibility under § 3E1.1(a) by fully complying with her pretrial supervision requirements and maintaining lawful employment, severing ties with her former co-conspirators, and expressing remorse for the offense conduct in admitting it to the district court and pleading guilty.

We review the district court's assessment of acceptance of responsibility for clear error, *United States v. Knight*, 562 F.3d 1314, 1322 (11th Cir. 2009), and it is entitled to great deference by virtue of the sentencing judge's unique position to make such factual determinations, § 3E1.1, comment. (n.5). The district court's finding as to acceptance cannot be set aside unless it is without foundation, *Knight*, 562 F.3d at 1322, and our review of the record leaves us with the definite and firm conviction that a mistake has been committed, *United States v. White*, 335 F.3d 1314, 1319 (11th Cir. 2003).

2

Sanchez bears the burden of clearly demonstrating that she is entitled to a reduction for acceptance of responsibility, § 3E1.1(a), and must present more than a guilty plea, *United States v. Wade*, 458 F.3d 1273, 1279 (11th Cir. 2006). She is, accordingly, not "entitled to a reduction . . . as a matter of right." *Wade*, 458 F.3d at 1279 (citing § 3E1.1, comment. (n.3)). Although truthfully admitting to the offense conduct and entering a guilty plea constitute "significant evidence" of acceptance, they may be outweighed by evidence of inconsistent conduct. § 3E1.1, comment. (n.3).

In conducting this inquiry, the district court is permitted to consider, *inter alia*, the timeliness of Sanchez's conduct in manifesting the acceptance. § 3E1.1, comment. (n.1(H)). We have generally held that pleas on the "eve of trial" are not timely for purposes of § 3E1.1. *United States v. Gilbert*, 138 F.3d 1371, 1373 (11th Cir. 1998), *abrogated on other grounds as recognized by United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). Furthermore, we have determined that one of § 3E1.1(a)'s chief purposes is to save the government the time and expense of going to trial. *United States v. Smith*, 106 F.3d 350, 351 (11th Cir. 1996), *abrogated on other grounds*, 127 F.3d 987 (11th Cir. 1997) (*en banc*). Accordingly, concerns about the government's time, expenses, and efforts are relevant to evaluating the timeliness of Sanchez's plea under § 3E1.1(a).

3

Here, the district court did not clearly err in finding that Sanchez failed to satisfy her burden of clearly demonstrating the acceptance-of-responsibility requirements under § 3E1.1(a).  Because Sanchez did not plead guilty until the day of trial, her plea was untimely and caused the government to incur various expenses and efforts, including deposition of a material witness and multiple weeks of staff time.  *See Gilbert*, 138 F.3d at 1373.  The jury summoned for Sanchez's scheduled trial was inconvenienced because there was no trial to attend. Because Sanchez did not enter into stipulations regarding the content of her phone conversations, the government incurred expenses to hire a Spanish language interpreter to read them into evidence at her scheduled trial.  Sanchez contends that she already accounted for her untimeliness and the litigation costs it generated when she did not request a one-level reduction under § 3E1.1(b) at the sentencing hearing.  However, Application Note 6 makes clear that timeliness "is a consideration under both subsections" and a component of the sentencing judge's subsection (a) analysis.  § 3E1.1, comment. (n.6).

Although Sanchez made a significant showing as to other of Application Note 1's criteria, including compliance with electronic monitoring, maintaining lawful employment, and severing ties with co-conspirators, this evidence does not as of right satisfy her burden of clearly demonstrating acceptance or entitle her to a two-level reduction under § 3E1.1(a).  *See* § 3E1.1(a) and comment. (n.3); *Wade*,

4

458 F.3d at 1279.  Nor does it counterbalance the great deference afforded to the district court, which was in a unique position to evaluate all the circumstances of her case.  *See* § 3E1.1, comment. (n.5).   Sanchez's manifestation was untimely under Application Note 1 and her conduct, on balance, was inconsistent with accepting full responsibility under Application Note 3.  Because the district court's assessment of these criteria was not clearly erroneous, neither was its finding that Sanchez failed to clearly demonstrate adequate acceptance under § 3E1.1(a).  We, accordingly, affirm its denial of Sanchez's request for an acceptance-of-responsibility reduction under § 3E1.1(a).

    **AFFIRMED.**