[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13973

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JORGE CHICA-GILER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:21-cr-14035-JEM-1

_____

Before JILL PRYOR, BRANCH, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Jorge Chica-Giler appeals his total sentence of 262 months' imprisonment following his guilty plea for conspiracy to deal in firearms without a license, to smuggle firearms from the United States, and to fail to notify a common carrier of shipped firearms, and dealing in firearms without a license; smuggling firearms from the United States; delivery of a firearm to a common carrier without written notification; and possession of a firearm by an unlawful alien. On appeal, Chica-Giler argues that the district court erred in denying him an acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1(a) because he pled guilty prior to trial, and he claims that the district court imposed a procedurally and substantively unreasonable sentence by failing to consider his mitigation evidence and imposing a sentence significantly higher than the sentences of his co-conspirators. Chica-Giler also contends that the court should remand his case with instructions that the district court correct the mathematical discrepancy between the district court's intended total sentence and its count-by-count breakdown of his sentence. Having read the parties' briefs and reviewed the record, we affirm in part, and vacate and remand in part.

**I.**

We review for clear error "a district court's determination that a defendant has not accepted responsibility." *United States v. Bates*, 960 F.3d 1278, 1293 (11th Cir. 2020). To be clearly erroneous,

the district court's finding must leave us with a "definite and firm conviction that a mistake has been committed." *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010) (quotation marks omitted). The district court's finding that a defendant has not accepted responsibility is owed "great deference on review" and it "should not be disturbed unless it is without foundation." *Bates*, 960 F.3d at 1293-94 (quotation marks omitted).

The United States Sentencing Guidelines provide for a two-level reduction "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). Appropriate considerations for an adjustment under § 3E1.1 include, among other things, whether the defendant: (1) truthfully admitted the conduct comprising the offense of conviction, and truthfully admitted or did not falsely deny any additional relevant conduct; (2) voluntarily surrendered to authorities promptly after the commission of the offense; (3) voluntarily terminated or withdrew from criminal conduct or criminal associations; (4) voluntarily provided assistance to the authorities in recovering the fruits and instrumentalities of the offense; and (5) timely manifested the acceptance of responsibility. *Id.* § 3E1.1, comment. (n.1). The acceptance-of-responsibility reduction is "not intended to apply to a defendant who puts the government to its burden of proof at trial." *Id.*, comment. (n.2). *See also United States v. Gilbert*, 138 F.3d 1371, 1373 (11th Cir. 1998), *abrogated on other grounds as recognized by United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (stating that in the context of an acceptance-of-responsibility reduction, "pleas on the eve of trial are not timely" because pleas at that time do not help the

government avoid trial preparation or the district court manage its docket).

"The defendant has the burden of clearly demonstrating acceptance of responsibility and must present more than just a guilty plea." *United States v. Wade*, 458 F.3d 1273, 1279 (11th Cir. 2006) (internal quotation marks omitted).  A party challenging a district court's determination as to acceptance of responsibility "has something of an uphill climb," in part because the court's "determination of whether a defendant has adequately manifested acceptance of responsibility is a flexible, fact sensitive inquiry." *United States v. Coats*, 8 F.4th 1228, 1262 (11th Cir. 2021) (quotation marks omitted).  "As denoted by its plain language, the reduction is intended to reward defendants who express contrition for their wrongdoing and evidence a desire to reform their conduct." *United States v. Williams*, 627 F.3d 839, 844 (11th Cir. 2010).

The record demonstrates that the district court did not clearly err in denying Chica-Giler an acceptance-of-responsibility reduction because it found that Chica-Giler did not timely manifest a clear acceptance of responsibility when he pled guilty on the morning that his trial was set to commence.  And while Chica-Giler contends that his allocution was consistent with acceptance of responsibility, the district court also did not clearly err in choosing an equally permissible interpretation of the allocution as an attempt to shift blame and an expression lacking contrition for his criminal conduct.  Thus, because Chica-Giler fails to meet his burden of proof, we conclude that the district court did not commit clear

error in denying Chica-Giler an acceptance-of-responsibility reduction under § 3E1.1(a), and we affirm as to this issue.

## II.

We review the reasonableness of a sentence for abuse of discretion, which includes both substantive and procedural reasonableness. *United States v Green*, 981 F.3d 945, 953 (11th Cir. 2020). A defendant's request of a particular sentence preserves his challenge to the substantive reasonableness of any sentence longer than his requested term. *See Holguin-Hernandez v. United States*, 589 U.S. ___, 140 S. Ct. 762, 766-67 (2020). However, where a defendant does not object to the procedural reasonableness of his sentence at the time of sentencing, we review for plain error only. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). Under plain-error review, the defendant has the burden to show that there is (1) error, (2) that is plain, and (3) that affects substantial rights. *Id.* If all three requirements are met, we then consider whether the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation marks omitted, alteration in original).

A sentence is procedurally reasonable when the district court properly calculates a defendant's guideline range, treats the guidelines as advisory rather than mandatory, duly considers the § 3553(a) factors, and adequately explains its chosen sentence. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). Section 3553(a) provides numerous factors the district court must consider when imposing a sufficient sentence. 18 U.S.C. § 3553(a). While a

district court must consider all the § 3553(a) factors in determining a sentence, it is not required to state in its explanation that it has evaluated each factor individually. *United States v. Ortiz-Delgado*, 451 F.3d 752, 758 (11th Cir. 2006). An acknowledgment by the district court that it has considered the § 3553(a) factors is sufficient. *United States v. Taylor*, 997 F.3d 1348, 1354-55 (11th Cir. 2021). Additionally, district courts need not explicitly address all the mitigating evidence, so long as the record reflects that the court considered the sentencing factors and the parties' arguments. *Id.*

A district court abuses its discretion and imposes a substantively unreasonable sentence when it (1) fails to consider relevant factors that were due significant weight, (2) gives a significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). We ordinarily expect a sentence within the guideline range to be reasonable. *United States v. Foster*, 878 F.3d 1297, 1309 (11th Cir. 2018).

We have emphasized that we must give due deference to the district court to consider and weigh the proper sentencing factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018). The district court also does not have to give all the factors equal weight and is given discretion to attach great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). We will not reverse a sentence solely because we could reasonably conclude that a different sentence was more

appropriate. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. The district court's failure to mention specifically at sentencing certain mitigating factors does not compel the conclusion that "the sentence crafted in accordance with the 18 U.S.C. § 3553(a) factors was substantively unreasonable." *United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010). A sentence is substantively unreasonable if a district court issued "a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotation marks omitted).

A defendant may challenge his sentence as substantively unreasonable due to an "unwarranted" sentencing disparity under § 3553(a)(6), but a disparity in sentencing may only be "unwarranted" if other defendants receiving less severe sentences are similarly situated to the defendant challenging his sentence. *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009). "[D]efendants who cooperate with the government and enter a written plea agreement are not similarly situated to a defendant who provides no assistance to the government and proceeds to trial." *Id.* Moreover, "[t]he underlying facts of the crime and all of the individual characteristics are relevant" to a court's evaluation of alleged sentencing disparities and its assessment of whether two defendants are similarly situated. *United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015).

The record here demonstrates that the district court imposed a procedurally and substantively reasonable sentence. As explained above, the district court did not procedurally err in denying

Chica-Giler an acceptance-of-responsibility reduction.  The district court adequately considered the § 3553(a) factors and sufficiently explained its chosen sentence.  Additionally, the record demonstrates that the district court adequately considered Chica-Giler's mitigation evidence, and it stated that it had "considered the statements of al the parties."  Moreover, the district court reasonably concluded that the sentencing disparity between Chica-Giler and his co-conspirators was not unwarranted because the record sufficiently supports a finding that Chica-Giler was not similarly situated to his co-conspirators due to his leadership role in the conspiracy, the volume of firearms trafficked, and the fact that he was the only defendant held responsible for removing the serial numbers from the firearms.  Thus, we conclude that the district court imposed a procedurally and substantively reasonable sentence, and we affirm as to this issue.

## III.

The correction of a clerical error under Federal Rule of Criminal Procedure 36 is a legal issue that we review *de novo*.  *See United States v. Davis*, 841 F.3d 1253, 1261 (11th Cir. 2016) (reviewing *de novo* a district court's correction of clerical errors in the verdict forms and the judgment under Rule 36).  A district court may "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  Where there is any discrepancy between the written judgment and oral pronouncement, a district court's oral pronouncement of a sentence controls.  *United States v. Khoury*, 901 F.2d 975, 977 (11th Cir. 1990).

22-13973               Opinion of the Court               9

The record indicates a clear discrepancy between the court's intent to sentence Chica-Giler to 262 months' imprisonment and its count-by-count breakdown of his sentence, which totals 252 months.  Moreover, this error was repeated verbatim in the written judgment, further suggesting that this error resulted from an oversight or omission in the district court.  Correction of this error would allow the count-by-count breakdown of the sentence to align properly with the district court's clearly intended total sentence of 262 moths.  Accordingly, for the aforementioned reasons, we affirm in part, and vacate and remand in part, with instructions to the district court to correct its clerical error in its judgment and remove the ambiguity in Chica-Giler's sentence.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**